Raymond E. SITTA, Jr., and Donald C. Sitta, Appellants,

v.

Rebecca L. DONALD, Ancillary Administratrix of the Estate of Raymond E. Sitta and Horton Oil Co., Appellee.

No. 01-82-0738-CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 19, 1983.

Robert H. Graham, Farmington, N.M., for appellants.

Steven A. Doggett, Richmond, for appellee.

Before JACK SMITH, BASS and COHEN, JJ.

OPINION

JACK SMITH, Justice.

This is an appeal from an order of the County Court at Law, Fort Bend County, sitting in Probate Matters, approving a lease without statutory notice. The appellants allege non-compliance with statutory procedures and conflict of interest by the appellee, Ms. Donald, as the basis for reversal of the trial court's order.

The appellee, Rebecca L. Donald, acting in her capacity as ancillary administratrix of the estate of Raymond E. Sitta, deceased, made an application to the trial court to permit her to enter into an oil, gas and mineral lease for her father's estate. The application was made pursuant to § 368, Texas Probate Code, which authorizes the private sale (lease) without public notice or advertising. The appellants filed opposition to the application, and after several hearings the court approved a lease agreement with Horton Oil Co., one of the appellees herein.

The contentions asserted by the appellants seek to set aside the trial court's order approving the lease. However, prior to addressing these contentions, we must determine whether there are any issues before this court since the approved lease has expired by its own provisions.

The lease was dated April 14, 1982, and paragraph 4 therein states as follows:

4. If operations are not commenced hereunder on or before one year from this date:

this lease shall then terminate as to both parties unless lessee on or before the expiration of said period shall pay or tender to the credit of lessor ... (specified delay rentals enumerated in the lease)

Attached to the printed form lease was a typewritten addendum which states in paragraph 2f as follows:

f. The lease is amended to add a paragraph 15 which shall read:

Not withstanding any other provisions to the contrary, including paragraph 4 above, if drilling operations are not com-

menced hereunder on or before one year from April 14, 1982, this lease shall terminate as to both parties.

There is nothing in the record to indicate that delay rentals have been paid. Furthermore, counsel for the appellees informed this court that drilling operations were not started because this appeal placed the validity of the lease at issue. The parties to the lease apparently foresaw the possibility of a lengthy delay and added paragraph 15 to the lease to cover such contingency.

This suit was submitted to this court on May 12, 1983, approximately 28 days after the expiration date of the lease. Thus, the appellants' prayer to set the lease aside is no longer an issue. By the same token, the appellees' prayer to affirm the lease is no longer a viable issue. The lease having terminated, there is no issue before this court.

All issues being moot, this appeal is dismissed.